IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


CHARLES JOHNSON,

    Plaintiff,

vs.                                Case No. 4:10cv537-MP/WCS

JON S. WHEELER,
THOMAS D. HALL,

    Defendants.

                                      /

## REPORT AND RECOMMENDATION

On May 4, 2011, an order was entered directing Plaintiff to submit an amended complaint. Doc. 17. Plaintiff has failed to comply with that order. On June 16, 2011, beyond the deadline given in the order, doc. 17, Plaintiff filed a "response to court order." Doc. 18. Plaintiff's response is not an amended complaint.

Plaintiff is responsible for the prosecution of his case. The order was clear and direct, and Plaintiff has shown no basis for not being able to comply with the court order. Indeed, Plaintiff's response indicates that he does not wish to comply and submit an amended complaint. Plaintiff stated, "Plaintiff should not have to amend said complaint because it is clear in the facts . . . that the Defendants are using their little delegated

authority to deny Plaintiff pleadings from going before the panel of judges."  Doc. 18, p. 4.  Plaintiff's initial complaint was deficient for the many reasons stated in the prior order and an amended complaint is needed.  Since Plaintiff has chosen not to comply with that order to submit an amended complaint, I recommend dismissal of this action for failure to comply with a court order, and failure to state a claim upon which relief may be granted.

Plaintiff's case is against two Defendants: John S. Wheeler and Thomas D. Hall, both of whom are Clerks of Court for the Florida First District Court of Appeal and the Florida Supreme Court, respectively.  Doc. 1, p. 6.  Plaintiff contends the Clerks are denying him "access to the court whey they fail to submit petitioner's pleadings before judges, based upon petitioner's failure to pay unauthorized filing fees."  Doc. 1, p. 8.  Plaintiff's complaint did not comply with Federal Rule of Civil Procedure 10(b) as Plaintiff failed to use any numbered paragraphs.  Furthermore, Plaintiff failed to identify *which* of the two Defendants has allegedly taken Plaintiff believes violates his rights.  The complaint fails to clearly state the date on which the events and actions transpired.

Plaintiff alleges that he had cases wrongly dismissal in state court because he did not pay filing fees.  Plaintiff contends that "the law does not require that Plaintiff had to submit an indigent form, or pay $300.00 court cost for mandamus . . . ."  Doc. 1, p. 11.  Plaintiff asserts he was denied access to court.  *Id.*

Plaintiff is not indigent.  He admits he has $6,385.96 in his inmate account.  Doc. 18, p. 5.  He paid the filing fee in this case.  There does not appear to be any error in requiring Plaintiff to submit the filing fee when he does not qualify as a pauper.  While access to the courts is a fundamental right, "[t]he touchstone of an inmate's right of

access to the courts is that his access be 'adequate, effective, and meaningful.' " <u>Beck v. Symington</u>, 972 F. Supp. 532, 534 (D. Ariz. 1997). "This right has never been interpreted to mean that an inmate's access must also be free of charge." <u>Beck</u>, 972 F. Supp. at 524; *see* e.g., <u>Lumbert v. Illinois Dept. of Corrections</u>, 827 F.2d 257, 259 (7th Cir. 1987). Plaintiff has not shown a valid claim for the denial of access to court and this case should also be dismissed for failure to state a claim and for failure to comply with my order to amend.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with a court order to submit an amended complaint, and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 17, 2011.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:10cv537-MP/WCS