IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHARLES JOHNSON,

    Plaintiff,

v.                                           CASE NO. 4:10-cv-00537-MP-WCS

THOMAS D HALL, JON S WHEELER,

    Defendants.

_____/

## **O R D E R**

       This matter is before the Court on Doc. 19, Report and Recommendation of the Magistrate Judge, which recommends that Plaintiff's case be dismissed for failure to comply with the Magistrate Judge's order to file an amended complaint and for failure to state a claim upon which relief may be granted. Following its entry, Plaintiff timely objected to the Magistrate Judge's Report and Recommendation. Doc. 20. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews objected-to portions of the Report and Recommendation *de novo*.

       On November 15, 2010, Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 against the clerk of the Florida First District Court of Appeal and the clerk of the Florida Supreme Court in their official capacities. Doc. 1. Plaintiff filed this action in the District Court for the Middle District of Florida, Tampa Division. Doc. 1. Because the defendants are located

in Tallahassee, Florida, and because the cause of action arises from acts allegedly committed in that location, Plaintiff should have filed this case in the United States District Court for the Northern District of Florida. Accordingly, on December 3, 2010, United States District Judge Richard A. Lazzara transferred the complaint to the Tallahassee Division of the United States District Court for the Northern District of Florida. Doc. 2.

On May 4, 2011, because (1 )Plaintiff failed to plead the factual allegations in separately numbered paragraphs as Federal Rule of Civil Procedure 10(b) requires; (2 ) because Plaintiff muddied the complaint by scattering unnecessary facts, his personal opinions of the role of judges, a discussion of his understanding of judicial procedure, and irrelevant matters of Florida law; and (3) because he failed to indicate *which* defendant clerk took or did not take the action that supports the basis of his claim, the Magistrate Judge ordered Plaintiff to file an amended complaint. Doc. 17. The deadline for filing the amended complaint was June 3, 2011. Doc. 17. Plaintiff failed to file a timely amended complaint. Accordingly, on June 17, 2011, the Magistrate Judge recommended that this Court dismiss Plaintiff's case as a frivolous or malicious complaint pursuant to 28 U.S.C. § 195(e)(2)(B)(ii).

Less than two weeks following the entry of the Magistrate Judge's Report and Recommendation, Plaintiff filed a seven-page objection. Doc. 20. Despite its length, the objection is devoid of one coherent argument, let alone a persuasive line of reasoning. In fact, Plaintiff continued in the same mode that the Magistrate Judge ordered that he abandon. Plaintiff again failed to present his case in a coherent fashion. He again included large block quotations of Florida law that are irrelevant to this matter. His language was overly aggressive and malicious, often bordering on threatening. Most importantly, though, Plaintiff failed to abide by the Magistrate Judge's order, and he failed to present any evidence that would excuse

his nonfeasance.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 19, is ACCEPTED and incorporated herein.

2. Plaintiff's complaint Doc. 1, is DISMISSED, for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


**DONE AND ORDERED** this   *19th* day of October, 2011


*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge