IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHARLES JOHNSON,

    Plaintiff,

v.                                      CASE NO. 4:10cv537-MP-WCS

JON S. WHEELER and
THOMAS D. HALL,

    Defendants.

_____/

**O R D E R**

    This matter is before the Court on Plaintiff's Motion for Rehearing. (Doc. 23). On October 19, 2011, the Court accepted the Magistrate Judge's report and recommendation and dismissed the plaintiff's complaint for failure to state a claim on which relief may be granted. (*See* Doc. 21). The instant motion seeks relief from that order. Thus, despite the title, the Court construes it as a motion for reconsideration.

    Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). However, "relief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and "absent such relief, an extreme and unexpected hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Even when such circumstances exist, "whether to grant the requested relief is a matter for the district court's sound discretion." *Mock v. Bell Helicopter Textron, Inc.*, 373 Fed. Appx. 989, 991 (11th Cir. 2010).

    Plaintiff has failed to show any exceptional circumstances that would justify relief under Rule 60(b)(6). Rule 60(b) is not intended to be a second opportunity for the losing

party to make its strongest case, to rehash arguments, or to dress-up arguments that previously failed.

Accordingly, it is now **ORDERED** as follows:

Plaintiff's motion for reconsideration (doc 23) is DENIED.

**DONE and ORDERED** this 21st day of November, 2011.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**